UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                             Chapter 11

    Yeshivah Ohel Moshe a/k/a          Case no.  16-43681
    Yeshiva Ohel Moshe

                    Debtor.
----------------------------------------------------------x

# FIFTH AMENDED PLAN OF REORGANIZATION

Mark A. Frankel
BACKENROTH FRANKEL & KRINSKY, LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 593-1100
Fascimile: (212) 644-0544

ATTORNEYS FOR THE DEBTOR

## INTRODUCTION

Yeshivah Ohel Moshe ("Debtor"), proposes this Plan of Reorganization to its Creditors. UPON CONFIRMATION, THIS PLAN SHALL BE A BINDING OBLIGATION BETWEEN AND AMONG THE DEBTOR AND EACH OF THE DEBTOR'S CREDITORS (AS SUCH TERMS ARE DEFINED BELOW).

## DEFINITIONS

As used in this Plan, the following terms will have the meanings hereinafter set forth:

1. "Administrative Expense" Any cost or expense of administration of the Bankruptcy Case entitled to priority under section 507(a)(1) and allowed under section 503(b) of the Bankruptcy Code, and any fees or charges assessed against the Debtor's Estate under Chapter 123, Title 28, United States Code.

2. "Administrative Expense Claim" shall mean claim for payment of an Administrative Expense.

3. "Allowance Date" shall mean the date which a Disputed Claim becomes an Allowed Claim by Final Order.

4. "Allowed Amount" shall mean the amount of a Claim: (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court late filed as to which (i) no party in interest files an objection or (ii) which is allowed by a Final Order; or (b) which is listed on the Debtor's schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or contingent.

5. "Allowed Claim" shall mean a Claim: (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court late filed as to which (i) no party in interest files an objection or (ii) which is allowed by a Final Order; or (b) which is listed on the Debtor's schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or contingent.

6. "Allowed Secured Claim" shall mean a Secured Claim to the extent it is an Allowed Claim.

7. "Allowed Unsecured Claim" shall mean an Unsecured Claim to the extent it is an Allowed Claim.

8. "Bankruptcy Case" shall mean this Chapter 11 bankruptcy case.

9. "Bankruptcy Code" shall mean Title 11 of the United States Code (11. U.S.C. § 101 et. seq.

10. "Bankruptcy Court" shall mean the Court as defined below.

11. "Bar Date" shall mean November 14, 2016 .

12. "Cash" shall mean all cash and cash equivalents which evidence immediately available funds in United States dollars.

13. "Claim" shall mean a right to payment as set forth in § 101(5) of the Bankruptcy Code.

14. "Claimant" shall mean the holder of a Claim.

15. "Confirmation Date" shall mean the date of the entry of the Confirmation Order.

16. "Confirmation Hearing" shall mean the hearing pursuant to the Bankruptcy Code Section 1128 before the Bankruptcy Court regarding the proposed confirmation of the Plan.

17. "Confirmation Order" shall mean the order of the Court confirming the Plan.

18. "Court" shall mean the United States Bankruptcy Court for the EASTERN District of New York.

19. "Creditor" shall mean any entity that holds a Claim against the Debtor.

20. "Debtor" shall mean Yeshivah Ohel Moshe.

21. "Disputed Claim" shall mean the whole or any portion of any claim against the Debtor to which an objection is timely filed as to which a Final Order has not been entered allowing or disallowing such Claim or any portion thereof.

22. "Effective Date" shall mean the Date upon which the Confirmation Order is a Final Order, or such other date after the Confirmation Date as may be practicable.

23. "Estate" shall mean the estate of the Debtor created upon the commencement of the Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

24. "Executory Contracts" shall mean "executory contracts" and "unexpired leases" as such terms are used within Section 365 of the Bankruptcy Code.

25. "Final Order" shall mean an order of the Court that has not been reversed, modified, amended or stayed, and as to which the time to appeal or to seek review or certiorari thereof has expired, and as to which no appeal, review or rehearing is pending.

26. "Interest" shall mean an existing ownership interest in the Debtor.

27. "Interest Holder" shall mean a holder and owner of an existing Interest in the Debtor.

28. "Legal Rate" shall mean the applicable interest rate as set forth in 28 U.S.C. §1961 as of the Petition Date.

29. "Lien" shall mean a charge against or interest in property to secure payment of a debt or performance of an obligation.

30. "Mortgagee" shall mean New York Five Star Equity Corporation.

31. "Petition Date" shall mean August 17, 2016.

32. "Plan" shall mean this Plan of Reorganization, and any and all modifications and/or amendments hereto.

33. "Property" shall mean 7914 Bay Parkway, Brooklyn, New York.

34. "Secured Claim" shall mean a Claim secured by a Lien on property included within the Debtor's Estate.

35. "Secured Creditor" shall mean the owner or holder of a Secured Claim.

36. "Unsecured Claim" shall mean a claim for which the Claimant does not hold (a) a valid, perfected and enforceable Lien, security interest or other interest in or encumbrance against Debtor or the Debtor's Estate; (b) a right to setoff to secure the payment of such Claim.  An Unsecured Claim includes, but is not limited to, a Claim for damages resulting from rejection of any Executory Contract pursuant to Section 365 of the Bankruptcy Code, and does not include administrative of priority claims.

37. "Unsecured Creditor" shall mean the owner or holder of an Unsecured Claim.

## CLAIMS CLASSIFICATION AND TREATMENT

### Class 1

38. Classification – New York City Liens.

39. Treatment – Payment in full in Cash of Allowed Amount of each Claim on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment..

40. Voting -- Unimpaired and deemed to have accepted the Plan

### Class 2

41. Classification – New York Five Star Equity Corporation

42. Treatment -- Payment in full in Cash of Allowed Amount of Claim on the Effective Date, plus interest at the applicable contractual rate, plus costs and fees as they accrue from the Petition Date through the payment date.  The Debtor has appealed the decision of the Bankruptcy Court holding that the Debtor was not entitled to reinstate the Class 2 Claim at the non-default contract rate. The Debtor reserves its right to prosecute the appeal post-confirmation. If the Debtor is successful on appeal, the Debtor shall be entitled to collect from the Class 2 Claimant the difference between the amount paid under the Plan, and the amount that would have been due under the prior version of the Plan providing for reinstatement of the Class 2 Claim with interest paid at the non-default contract rate.

43. Voting -- Unimpaired and deemed to have accepted the Plan

### Class 3

44.    Classification – Priority Claims under Sections 507(a)(2),(3),(4),(5),(6),(7) and (8) of the Bankruptcy Code.

45.    Treatment – Payment in full in Cash of Allowed Amount of each Claim on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment.

46.    Voting -- Unimpaired and deemed to have accepted the Plan

### Class 4

47.    Classification -- General Unsecured Claims

48.    Treatment -- Payment in full in Cash of Allowed Amount of each claim on the Effective Date, plus interest at the Legal Rate.

49.    Voting -- Unimpaired and deemed to have accepted the Plan

### ADMINISTRATION CLAIMS

50.    Allowed Administrative Expenses shall be paid in full in Cash on the Effective Date, or the date such Administrative Expense becomes Allowed, except to the extent that the holder of an Allowed Administrative Expense agrees to a different treatment; provided however, that Allowed Administrative Expenses representing obligations incurred in the ordinary course of business or assumed by the Debtor shall be Paid in full or performed by the Debtor in the ordinary course of business or pursuant to the terms and conditions of the particular transaction.  Any outstanding U.S. Trustee fees shall be paid in full in Cash on the Effective

Date. United States Trustee fees will be paid, and operating reports will be filed as they come due by the Debtor.

## MEANS FOR IMPLEMENTATION

51. **Source of Funds** – Plan payments will be paid from the estimated $5,000,000 of net proceeds of the refinancing of the Debtor's Property and the sale of certain Pfizer shares with an estimated $2,500,000 value held by the debtor in its Fidelity Brokerage account. Because the Debtor is a charitable organization, the sale of shares will not be taxable. To the extent necessary, the Debtor shall also use cash on hand from rental income, donations, tuition, and the sale or refinance of Debtor assets including the Property.

52. **Execution of Documents** -- The Debtor shall be authorized to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation.

53. **Vesting of Assets** -- Except as otherwise provided in the Plan, on the Effective Date all assets and properties of the Estate shall vest in the Debtor free and clear of all Liens, Claims and encumbrances and any and all liens, claims and encumbrances that have not been expressly preserved under the Plan shall be deemed extinguished as of such date. Except as otherwise provided herein, as of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Interests of Creditors, except for the obligations that are imposed under the Plan or by a Final Order of the Bankruptcy Court.

54. **Recording Documents** -- Each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all

documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transaction contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan, and the Confirmation Order.

55. **Preservation of Claims** -- All rights pursuant to Sections 502, 544, 545 and 546 of the Bankruptcy Code, all preference claims pursuant to Section 547 of the Bankruptcy Code, all fraudulent transfer claim pursuant to Section 548 of the Bankruptcy Code, and all claims relating to post-petition transactions under Section 549 of the Bankruptcy Code shall be preserved for the benefit of the Debtor's estate, provided, however, that the Debtor shall have sole authority for prosecuting any such claims.

## DISTRIBUTIONS TO CREDITORS

56. The Debtor shall be disbursing agent under the Plan without a bond. The Debtor reserves the right to file objections to claims in the event grounds exist to object to particular claims, for a period of 120 days after the Effective Date. On the initial distribution date and on each distribution date as may thereafter be necessary, the Debtor shall maintain an undetermined claims distribution reserve for the holders of undetermined claims as of such date in a sum not less than the amount required to pay each such undetermined claim if such claim was allowed in full. To the extent that an undetermined claim becomes an Allowed Claim, the distributions reserved for such Allowed Claim, shall be released from the undetermined claims distribution reserve and paid to the holder of such Allowed Claim. After all the amounts of all undetermined claims have been fixed, the balance of the undetermined claims distribution reserve shall thereafter be paid in accordance with the Plan.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

57. All unexpired leases and executory contracts not rejected prior to the Effective Date shall be assumed under the Plan. In the event of a rejection which results in damages a proof of claim for such damages must be filed by the damaged party with the Court within sixty (60) days after the Effective Date. All Allowed Claims arising from the rejection of any Executory Contract or unexpired lease shall be treated as Unsecured Claims. Any Claim arising from the rejection of any Executory Contract or unexpired lease not filed with the Court within the time period provided herein shall be deemed discharged and shall not be entitled to participate in any distribution under the Plan.

## RETENTION OF JURISDICTION

58. Retention of Jurisdiction. The Court shall have jurisdiction over all matters arising under, arising in, or relating to the Debtor's Bankruptcy Case including, but not limited to, proceedings:

- To consider any modification of the Plan under section 1127 of the Bankruptcy Code;

- To hear and determine all Claims, controversies, suits and disputes against the Debtor to the full extent permitted under 18 U.S.C. §1334 and 28 U.S.C. §157;

- To hear, determine and enforce all Claims and causes of action which may exist on behalf of the Debtor or the Debtor's estate, including, but not limited to, any right of the Debtor or the Debtor's Estate to recover assets pursuant to the provisions of the Bankruptcy Code;

- To hear and determine all requests for compensation and/or reimbursement of expenses which may be made;

- To value assets of the Estate.

- To enforce the Confirmation Order, the final decree, and all injunctions therein;

- To enter an order concluding and terminating the Bankruptcy Case;

- To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, or the Confirmation Order;

- To determine all questions and disputes regarding title to the assets of the Debtor.

- To re-examine Claims which may have been allowed for purposes of voting, and to determine objections which may be filed to any Claims.

## **GENERAL PROVISIONS**

59. **Headings**. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the Plan.

60. **Disputed Claims**. The Debtor shall hold in escrow the distribution that would be due on account of any Disputed Claim. No Disputed Claims shall be paid, nor shall distributions be made to a creditor holding a Disputed Claim, until such Claim becomes an Allowed Claim.

61. **Calculation of Time Periods**. Bankruptcy Rule 9006 is incorporated herein for purposes of calculating the dates set forth herein.

62. **Other Actions**. Nothing contained herein shall prevent the Debtor, Interest Holders, or Creditors from taking such actions as may be necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

63. **Modification of Plan**. The Debtor may seek amendments or modifications to the Plan in accordance with section 1127 of the Bankruptcy Code at any time

prior to the Confirmation Date.  After the Confirmation Date, the Debtor may seek to remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan

## INJUNCTION AND PROPERTY OF THE ESTATE

64. **Injunction**.  The confirmation of this Plan shall constitute an injunction of the Court against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset from the Debtor or its property or properties, any obligation or debt except pursuant to the terms of the Plan.

## CLOSING THE CASE

65. Upon substantial consummation, the Debtor may move for a final decree to close the Bankruptcy Case and to request such other orders as may be just.

Dated: New York, New York
       October 20, 2017

                                    Yeshivah Ohel Moshe

                           By:   s/ Rabbi Dov Machlis

                                    BACKENROTH FRANKEL & KRINSKY, LLP
                                    Attorneys for Debtor

                         By:   s/Mark A. Frankel
                                800 Third Avenue
                                New York, New York 10022
                                (212) 593-1100